UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY O'NEAL,

    Petitioner,

v.

WARDEN MCDONALD,

    Respondent.

CASE NO. C08-5454FDB

ORDER ADOPTING REPORT AND RECOMMENDATION WITH ONE MODIFICATION

Petitioner O'Neal raises four issues in his habeas corpus petition, and after analyzing each in turn, the Magistrate Judge finds no error and recommends denial of the Petition.

The Respondent filed objections to the Report and Recommendation's finding that Petitioner O'Neal's presentation of the evidentiary claim under the standard "significantly similar" to the federal one without alerting state courts that he was raising federal constitutional issues satisfies the exhaustion requirement. Respondent argues that the Magistrate Judge should have denied the claim for failure to exhaust rather than on the merits. This Court agrees.

*Duncan v. Henry*, 513 U.S. 364 (1995) unequivocally stated:

> If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth

> Amendment, he must say so, not only in federal court, but in state court. Accord, *Anderson v. Harless*, 459 U.S. 4, 103 S.Cut. 276, 74 L.Ed.2d 3 (1982).
>
> *Picard* and *Harless* control the outcome in this case. Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.

*Duncan*, 513 U.S. at 366. The Court continued and concluded: "Both *Picard* and *Harless* emphasized that mere similarity of claims is insufficient to exhaust. " Only Justice Stevens dissented in *Duncan*. In *Baldwin v. Reese*, 541 U.S. 27, the U.S. Supreme Court reached a similar conclusion after noting that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal":

> We consequently hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must reach beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

As to *Sander v. Ryder*, 342 F.3d 991 (9th Cir. 2003), this case is not persuasive that the long-standing U.S. Supreme Court jurisprudence on this subject should be applied differently in O'Neal's case.

The Court, having reviewed the petition, the Report and Recommendation of the Hon. J. Kelley Arnold, United States Magistrate Judge, objections to the Report and Recommendation, and the remaining record, does hereby find and Order:

(1) The Court adopts the Report and Recommendation, *except* that as to the sufficiency of the evidence claim, it is denied for failure to exhaust;

(2) The petition for writ of habeas corpus is DENIED; and

(3) The Clerk is directed to send copies of this Order to petitioner and to counsel for respondent.

DATED this 9th day of June 2009.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE